UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-82547-COOKE**

MICHAEL STAPLETON,

     Plaintiff,

vs.

FRANCISCO QUINONES,

     Defendant.

_____/

**ORDER DISMISSING CASE**

Plaintiff filed an Amended Complaint alleging a violation of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 15-1. He is presently in the custody of Bureau of Prisons. Plaintiff is suing Defendant Special Agent Francisco Quinones alleging that Quinones initiated a malicious prosecution in violation of the Fourth Amendment.

**FACTUAL BACKGROUND**

Plaintiff alleges that he was indicted on October 17, 2013, and was arrested on the indictment on May 23, 2018 in Frankfurt Germany. ECF No. 15-1 at 3. He claims that the prosecution dismissed the charges on February 21, 2019, because there was a mistake. *Id*. Plaintiff claims that the prosecution lacked probable cause to charge him. *Id*. Plaintiff alleges that the charges in the indictment lacked a factual basis. *Id*. at 4. In support of this allegation, he claims that he could not be charged with aiding and abetting alien smuggling because he "never traveled to America, I never met the alien at the border of the United States, I never accompanied the alien or captained a boat to America to which the alien traveled in." *Id*. Plaintiff contends that all these actions are required to support an aiding or abetting conviction. *Id*. Plaintiff admits that he could conspire to commit the crime from another country.

Plaintiff claims that because of the alleged malicious prosecution he was unlawfully detained for nine months and suffered economic losses due to lost wages and business income. *Id*. at 6.

## LEGAL STANDARDS

Under § 1915(e)(2)(B)(ii), the court must dismiss any in forma pauperis action when the prisoner's complaint fails to state a claim on which relief may be granted. The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the court must dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the complaint under § 1915(e)(2)(B)(ii), the court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Yet a district court is not required to "'rewrite an otherwise deficient pleading in order to sustain an action.'" *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014)).

## DISCUSSION

To properly state a claim for malicious prosecution, a plaintiff must allege the elements of the common law tort of malicious prosecution, and a violation of his Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citation omitted). Under Florida law, the plaintiff must allege:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4)

2

there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1355 (Fla. 1994) (citations omitted). The standard for determining the existence of probable cause is the same under both Florida and federal law. *Id.* "That a defendant is subsequently acquitted, or charges are dropped against the defendant is of no consequence in determining the validity of the arrest itself." *Marx v. Gumbinner*, 905 F.2d 1503, 1507 (11th Cir. 1990). Under Florida law, the presence of probable cause is a complete defense to a malicious prosecution claim. *Lee v. Geiger*, 419 So. 2d 717 (Fla. 1st DCA 1982).

It is clearly established law that "[b]ecause federal grand jury proceedings are *ex parte*, the return of an indictment is prima facie evidence of probable cause in an action for malicious prosecution." *Ware v. United States*, 971 F.Supp. 1442, 1462–63 (M.D. Fla. 1997) (alteration added; internal citation omitted) (citing *Burns v. GCC Beverages, Inc.*, 502 So.2d 1217, 1219 (Fla. 1986)). The presumption can be overcome if plaintiff makes "a showing of specific evidence that there was a deliberate and malicious fraud perpetrated on the grand jury to induce them to indict." *Kelly v. Serna*, 87 F.3d 1235, 1242 (11th Cir. 1996).

Here, Plaintiff has not stated a facially plausible malicious prosecution claim against Quinones. Plaintiff has made no allegation that Quinones engaged in a deliberate and malicious fraud to the grand jury. Plaintiff simply alleges that he could not be indicted for aiding and abetting alien smuggling because he was never in the United States. This may be a challenge to the propriety of the charges against Plaintiff, but it in no way impugns the motives of Quinones in bringing the charges. As such Plaintiff has failed to state a claim for malicious prosecution because he has not alleged either malice or fraud. Furthermore, his allegation that there was lack of probable cause is unavailing.

The Plaintiff's argument that he could not be convicted of aiding and abetting alien smuggling is without merit. To prove a substantive alien-smuggling offense under a theory of aiding and abetting, pursuant to 18 U.S.C. § 2, the evidence must establish that "(1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." *United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000) (citation

3

omitted). That the Plaintiff was never in the United States does not preclude a conviction. *See e.g. United States v. Lopez*, 484 F.3d 1186, 1199 (9th Cir. 2007) (*en banc*) ("A financier who organizes and funds a smuggling operation, ... whether located in or outside of the United States, may be said to have 'associated himself with the venture, participated in it as in something he wished to bring about, and sought by his action to make it succeed.'" (alterations omitted) (citation omitted)). In short, Plaintiff's legal argument that the charges lacked a factual basis because he was never in the United States is meritless and does not establish that Quinones acted maliciously.

Accordingly, it is **ORDERED and ADJUDGED** that the Amended Complaint, ECF No. 15-1, is **DISMISSED without prejudice** for failure to state a claim. This dismissal shall **COUNT** as a strike under 28 U.S.C. § 1915(g). The Clerk is directed to **CLOSE** the case.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 20th day of April 2022.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to*:
Michael Stapleton
17627-104
Petersburg Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
Petersburg, VA 23804
PRO SE

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov