**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-82547-COOKE**

**MICHAEL STAPLETON**,

Plaintiff,

vs.

**FRANCISCO QUINONES**,

Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [DE 23]

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration [DE 23] of the Court's Order dismissing his complaint for failure to state a claim. In his Complaint, Plaintiff claimed that Defendant has engaged in a malicious prosecution by charging him with a non-existent crime. As set forth in the Order of Dismissal, to state a claim for malicious prosecution, Plaintiff was required to allege, among other things, that there was a lack of probable cause.

To prevail on a motion to reconsider, a movant "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Socialist Workers Party v. Leahy*, 957 F.Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted).

Plaintiff argues that the Court should reconsider the order dismissing his Complaint because he was not provided an opportunity to cure his failure to state a claim. He argues that his Complaint was merely missing an allegation that the Defendant engaged in fraud in pursuing criminal charges. Contrary to this contention, the Court dismissed the Complaint on multiple grounds. Notably the Court found that Plaintiff could not establish a lack of probable cause and

1

further that Plaintiff's argument that he could not have committed the crime from outside the country was unavailing.

As was addressed in the order of dismissal, screening of the complaint in *pro se* prisoner cases is required and, pursuant to 28 U.S.C. § 1915(e), a complaint that fails to state a claim is to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In dismissing the Complaint, the Court considered whether Plaintiff might be able to amend his Complaint to state a claim and concluded that based on the allegations and the record in Plaintiff's criminal case that Plaintiff would not be able to do so.

The Court agrees that it is well settled that a court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, a *pro se* plaintiff must be given at least one chance to amend his complaint before the court dismisses it with prejudice. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002) (*en banc*). However, in the instant case leave to amend is unnecessary because the claim is clearly frivolous, and the dismissal was without prejudice.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the Motion for Reconsideration **[DE 23]** is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida, this 14th day of November 2022.

_____

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT COURT JUDGE**
**For Marcia G. Cooke, U.S. District Judge**

2

*Copies furnished to*:
Michael Stapleton
17627-104
Petersburg Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
Petersburg, VA 23804
PRO SE

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov